IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,
        Plaintiff                      :  Case No. 2:11-cr- 0168

v.                                         :  Judge Smith

John M. Kemp,                     :  Magistrate Judge Abel
        Defendant

## REPORT AND RECOMMENDATION

The United States of America and defendant John M. Kemp, entered a plea agreement for defendant to enter a plea to an information charging him with knowingly and intentionally devising a scheme to defraud through the use of a wire in interstate commerce in violation of 18 U.S.C. § 1343 and knowing possession of a firearm that had been shipped in interstate commerce, having previously been convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant Kemp consented under 28 U.S.C. § 636(b)(3) to enter a guilty plea before a magistrate judge.[1] He entered his guilty pleas on July 12, 2012.

---

[1] See, *United States v. Cukaj,* 2001 WL 1587410, at *1 (6th Cir. 2001)(H: No merit to defendant's argument that the magistrate judge lacked jurisdiction to accept his guilty plea when the defendant expressly consented to being arraigned before the magistrate judge and he did not file any objection to the Report and Recommendation that the guilty plea be accepted); *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997), *cert. denied,* 522 U.S. 1151 (1998); *United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir..), *cert. denied,* 517 U.S. 1215 (1996); *United States v. Williams,* 23 F.3d 629, 632-24 (2d Cir.), *cert. denied,* 513 U.S. 1045 (1994). *See, United States v. Bearden,* 724 F.3d 1031, 1037-38 (6th Cir. 2001)(H: Recommendation of magistrate judge, who took defendant's *nolo contendere* plea with his consent, that the plea be accepted is not binding on the district judge).

During the plea proceeding, I observed the appearance and responsiveness of the defendant in answering questions. Based on that observation, I am satisfied that at the time he entered his guilty plea the defendant was in full possession of his faculties, that he was not suffering from any apparent physical or mental illness, and that he was not under the influence of narcotics or alcohol.

Before accepting defendant's plea, I addressed him personally in open court and determined his competence to plead. I determined that defendant understands the nature and meaning of the charge and the consequences of the plea. I further addressed defendant personally in open court and advised him of each of the rights referenced in Rule 11(c)(1) through (5), Fed. R. Crim. P.

I addressed the defendant personally in open court as required by Rule 11(d) and determined that his plea was voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney, and plaintiff's attorney and filed following the hearing represents the only promises made to him by anyone regarding the charges in the information. Defendant was advised that the Court may accept or reject the plea agreement but that if the Court rejects it, he has no right to withdraw his plea.

Defendant stated that the investigating officer's statement of the facts supporting the charge was accurate. He stated that he pleaded guilty because he is in fact guilty of the offense charged. I addressed the defendant personally in open court and determined that there was a factual basis for the plea.

I determine that his plea of guilty was knowingly and voluntarily made with an

understanding of the nature and meaning of the charge and the consequences of his plea. It is RECOMMENDED that defendant Kemp's guilty plea be accepted, but that a decision on acceptance or rejection of the plea agreement--which calls for a definite sentence of 31 months in prison--be deferred for consideration by the District Judge after a presentence report is prepared.

In accordance with S.D. Ohio Crim. Rule 32.1, a written presentence report will be prepared by the Probation Office. Defendant will be asked to give information. His attorney may be present if defendant wishes. Objections to the report must be made in accordance with S.D. Ohio Crim. Rule 32.1(c) through (e).

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, United States v. Cukaj,* 2001 WL 1587410, at *1 (6th Cir. 2001); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge